UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
CIVIL DIVISION

KIMBERLY EVANS,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendants.

Case No.

## COMPLAINT

NOW COMES Plaintiff, KIMBERLY EVANS ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN" or "Defendant"):

### Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

2. Plaintiff is a natural person at all times relevant residing in Bedford County, in the City of Shelbyville, in the State of Tennessee.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15

U.S.C. § 1681(a)(c).

4. Defendant EXPERIAN is a corporation conducting business in the State of Tennessee and is headquartered in Costa Mesa, California.

5. Defendant EXPERIAN is a "person," as that term is defined by a consumer reporting agency, as that term is defined in 15 U.S.C. § 1681a(b).

6. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**Jurisdiction and Venue**

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the conduct giving rise to this action occurred in this District because Defendant is a corporation headquartered within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of the property that is the subject of the action is situated within this District.

**Facts**

12. Plaintiff is a consumer who is the victim of inaccurate reporting by EXPERIAN regarding a credit account that she had with JPMorgan Chase Bank, N.A. ("Chase"), settled with Chase, and paid to Chase.

13. CRAs, including EXPERIAN, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

14. Further, CRAs have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

15. Further, Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) are prohibited from furnishing information they know or should know is inaccurate.

16. Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with Chase, an inaccuracy found in the credit report published by Defendant. The following is a description of the inaccuracy and failures of Defendant to investigate and update its reporting of the account in question:

17. In or around January 2023, Plaintiff and Chase settled an account ending in 9073 (the "Account") for $3,549.54.

18. Per the terms of the settlement agreement, Plaintiff made one (1) payment of $3,549.54 on January 31, 2023, which fully satisfied the settlement agreement and Account.

19. On March 27, 2024, Plaintiff received a copy of her credit report from EXPERIAN.

20. To her surprise, despite Plaintiff's performance under the terms of the settlement agreement with Chase, Defendant EXPERIAN inaccurately reported the Chase account.

21. Specifically, EXPERIAN reported the Account's status as "Account charged off. $7,099 written off. $3,549 past due as of Feb 2023" and reported an outstanding, past-due balance of $3,549.00. Additionally, EXPERIAN failed to report the payment that was made to settle the Account.

22. EXPERIAN's failure to report the Account correctly, including the failure to report the accurate status, balance, and payment history, harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

23. On April 13, 2024, Plaintiff issued a dispute by mail to EXPERIAN regarding the incorrect information being reported on the Account.

24. In her dispute letter, Plaintiff disputed the incorrect entry in her credit report regarding the Account status and balance and the inaccurate payment history that improperly reflects her settlement payments. Plaintiff also included proof of the agreement between herself and Chase and proof of the payments made in satisfaction of the agreement.

25. Upon information and belief, pursuant to its obligations under the FCRA, EXPERIAN notified Chase of Plaintiff's dispute within five days of receipt of the dispute.

26. Further, upon information and belief, EXPERIAN would have sent the documentation Plaintiff included in her dispute letter to Chase, including the terms of the settlement and proof of the payments.

27. Despite her very specific dispute and accompanying documents supporting her dispute, EXPERIAN's second report, received by Plaintiff on June 12, 2024, reiterated the same inaccuracies. This credit report continued to report an outstanding balance of $3,549.00 with no change in the Account status or reported payment history.

28. At the time of filing this complaint, EXPERIAN continues to report the Account as having a balance owed and incorrectly reports the Account status and payment history.

29. Based on information and belief, EXPERIAN continues to report this information because it failed to conduct a reasonable investigation, including failing to consider the documentation Plaintiff included in her dispute letter.

30. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EXPERIAN is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

31. If EXPERIAN had complied with its statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

32. As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

33. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

34. Because of her concern over the effects Defendant's misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase a car or house, despite the fact that Plaintiff has had the financial means to do both.

## COUNT I – EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

36. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

37. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

38. As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

39. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

40. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

41. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT II – EXPERIAN**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**

42. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

43. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

44. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing

6

to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

45. As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

47. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 06/17/2025                                             Respectfully submitted,

<u>/s/ Jonathan Yong</u>
Jonathan Yong
**Gator Law, P.C.**
2 N Central Ave., Ste 1800
Phoenix, AZ 85004
P: (385) 324-5471
E: attorneys@garlawpc.com

**Attorneys for Plaintiff,
KIMBERLY EVANS**